**Jan L. WILSON, et al., Plaintiffs,**

v.

**The UPJOHN COMPANY, Defendant.**

**No. C–1–89–346.**

United States District Court,
S.D. Ohio, W.D.

Oct. 1, 1992.

**1322**

Firooz Taghi Namei, McKinney & Namei Co. L.P.A., Cincinnati, OH, for plaintiffs.

Frederick Jaeger McGavran, Frost & Jacobs, Cincinnati, OH, for defendant.

---

## ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DATE TO REPLY, DENYING PLAINTIFFS' MOTION FOR RELIEF, AND AWARDING NOMINAL SANCTIONS

SPIEGEL, District Judge.

This matter is before the Court on numerous related motions. For the purpose of clarity, we have divided the relevant documents before the Court into three groups.

First, the Plaintiffs' Motion for Relief from Judgment (doc. 192), the Defendant's Motion in Opposition to the Plaintiffs' Motion for Relief (doc. 194), the Plaintiffs' Reply Memorandum to the Defendant's Motion in Opposition to the Plaintiffs' Motion for Relief (doc. 201), the Plaintiffs' Reply Affidavit to the Defendant's Motion in Opposition to the Plaintiffs' Motion for Relief (doc. 202), and the Defendant's Response to the Plaintiffs' Reply Memorandum (doc. 203).

Second, the Plaintiffs' first and second Motions to Extend the Plaintiffs' Time to Reply to the Defendant's Motion in Opposition to the Plaintiffs' Motion for Relief (doc.'s 196 and 198), and the Defendant's Memorandum in Opposition to the Plaintiffs' second Motion to Extend (doc. 199).[1]

Finally, before the Court, is the question of the appropriate sanctions this Court should impose upon counsel for the Plaintiffs, pursuant to the decision of the Court of Appeals for the Sixth Circuit in *Wilson, et al. v. Upjohn*, 968 F.2d 1217 (6th Cir. 1992). The documents relevant to this final matter are, the Affidavit of Firooz T. Namei in Response to Defendant's Affidavits in Support of Sanctions (doc. 204) and Plaintiffs' Memorandum in Response to Defendant's Affidavits on Sanctions to be Awarded (doc. 205).

## BACKGROUND

This motion follows an Order of this Court Granting Defendant's Motion for Summary Judgment in July of 1991 (doc. 180). In their previous action, the Plaintiffs' alleged that they were injured in connection with the use of Halcion, a prescription sleeping medication manufactured by the Defendant Upjohn. The Court granted the Defendant's Motion for Summary Judgment due, in part, to the Plaintiffs' failure to produce any admissible evidence that the Defendant acted improperly or breached any duties. The Court, however, declined to impose upon the Plaintiffs the sanctions the Defendant requested.

The Plaintiffs appealed the Court's Order Granting Summary Judgment. The Court

---

**1.** The Plaintiffs have twice moved this Court (doc.'s 196 and 198) to extend the time in which they may respond to the Defendant's Motion in Opposition to the Plaintiffs' Motion for Relief (doc. 194). The Defendant has opposed the second of these two motions to extend (doc. 199). The Plaintiffs have since filed the documents for which they requested the extension (doc.'s 201 and 202), and the Defendant has replied (doc. 203). We believe that the Defendant will not be prejudiced in any way by granting the Motions to Extend. We therefore, grant the Motions to Extend without further discussion, and accordingly, consider all documents before the Court on this motion.

of Appeals for the Sixth Circuit affirmed the Judgment. The Court of Appeals for the Sixth Circuit affirmed the Order Granting Summary Judgment, but disagreed with this Court's denial of sanctions. The Sixth Circuit, therefore, remanded the case for the limited purpose of determining the appropriate sanctions to be imposed.

The Plaintiffs now move this Court to grant them relief from the Order Granting Summary Judgment, under Fed.R.Civ.P. 60(b)(2), (3) & (6). The Plaintiffs contend that they have highly probative, admissible, newly discovered evidence, that demonstrates, among other things, that Halcion was not fit for its intended use, and that the Defendant knew of, and concealed that information. Furthermore, the Plaintiffs argue that any sanctions the Court imposes pursuant to the Sixth Circuit's ruling, should be nominal only.

The Defendant counters that much of what the Plaintiffs offer in support of their motion is not admissible evidence. Additionally, the Defendant maintains, that the remainder of the Plaintiffs' evidence, though perhaps otherwise admissible, is not properly before the Court on this motion, because it does not meet the strict criteria of Rule 60(b)(2).

We conclude that the Plaintiffs' Rule 60(b) motions should be denied, the Plaintiffs' motions to extend should be granted, and the Defendant should be awarded nominal sanctions only.

## DISCUSSION

### 1) *Plaintiffs' Rule 60(b) Motions Must be Denied*

#### (a) PLAINTIFFS HAVE NOT SATISFIED THE BURDENSOME EVIDENTIARY REQUIREMENTS OF RULE 60(b)(2)

 The Plaintiffs move this Court under Fed.R.Civ.P. 60(b)(2) for relief from judgment based upon newly discovered evidence. Rule 60(b)(2) states:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

The moving party has an extremely difficult burden to overcome before the Court can grant relief under Rule 60(b)(2). *Fertilizer Corp. of India v. IDI Management, Inc.*, 530 F.Supp. 542, 545 (S.D.Ohio 1982). The "evidence 'must be admissible and credible, and must be of such a material and controlling nature as will probably change the outcome, not merely cumulative or tending to impeach or contradict a witness.' " *Id.* (citations omitted); *see also Baynum v. Chesapeake and Ohio Railway Co*, 456 F.2d 658, 662 (6th Cir.1972). Furthermore, to qualify as "newly discovered," the evidence must pertain to facts that existed at that the time of the judgment, and could not have been discovered by due diligence. *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 135, 136 (6th Cir.1990).

 The Defendant contends that much of what the Plaintiffs offer as "newly discovered evidence," is a) evidence which could have been discovered by exercising due diligence, b) not evidence at all, or c) simply *new* evidence—evidence which did not exist at the time of the judgment—and therefore, does not fall within the scope of Rule 60(b)(2).[2]

The Plaintiffs contend that "newly discovered evidence" under Rule 60(b)(2), is evidence which pertains to *facts* that exist-

---

**2.** We note that much of what the Plaintiffs, *once again,* submit as "evidence," is clearly inadmissible hearsay. The Plaintiffs offer in support of their motion, newspaper and magazine articles, television show transcripts from the United States and abroad, and other such matter. This Court has been more than clear about the relevance of this material, as has been the Sixth Circuit. *See Wilson, et al. v. Upjohn,* Nos. 91-

3670/3682, slip op. at 7–8 [968 F.2d 1217 (table) ] (6th Cir. July 9, 1992); Transcript of Hearing on Motion for Summary Judgment, Doc. 177, at 29–30; Order by Magistrate Judge Steinberg, Doc 73, at 6. It is unquestionably improper to consider such information for purposes of this motion, and we therefore, will not weigh it further in this order

ed at the time of the judgment, even if the actual evidence itself, did not. Therefore, according to the Plaintiffs, though much of what they offer as "newly discovered evidence," admittedly, did not exist as evidence at the time of the judgment, it is admissible under Rule 60(b)(2) because it pertains to *facts* which existed at that time.

Although case law does support the Plaintiffs' position regarding the definition of "newly discovered evidence," *see Davis by Davis v. Jellico Community Hosp. Inc.,* 912 F.2d 129, 135, 136 (6th Cir.1990); *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988), this interpretation does not operate to relieve the Plaintiffs of the due diligence requirement of Rule 60(b)(2). *See* Fed.R.Civ.P. 60(b)(2); *Rivera,* at 156–157. Thus, even though some of the Plaintiffs proffered evidence *does* pertain to *facts* which existed at the time of the judgment, we find that it could have been discovered prior to the judgment had the Plaintiffs exercised due diligence.

■ For example, the Plaintiffs offer a transcript of the testimony of Dr. William S. Barry as "newly discovered evidence." Dr. Barry's testimony concerns the Defendant's knowledge of the side-effects of Halcion. Dr. Barry was identified in the Defendant's interrogatory answers over a year before the Plaintiffs' case was dismissed. Clearly, had the Plaintiffs exercised due diligence, they could have discovered this evidence prior to the judgment from which they now seek relief. This transcript is, therefore, not appropriately before the Court for consideration on this motion.

Similarly, the Plaintiffs present the affidavit of Dr. Martin Scharf Ph.D., as "newly discovered evidence." The Plaintiff offers this affidavit despite the fact that they have been aware of Dr Scharf and his opinion regarding the side effects of Halcion and the inadequacy of the Defendant's warning labels, since at least March of 1990.

The Plaintiffs attempt to distinguish Dr. Scharf's earlier testimony, with his more recent affidavit, by claiming that his "[a]ffidavit is based upon the latest medical

opinion available." We find this argument unpersuasive. The "new" testimony reflects exactly the same opinion Dr. Scharf held more than a year ago, which has gone unchanged after consideration of more current information. The Plaintiff simply failed to contact Dr. Scharf to depose him during the pendency of their action, and cannot now use his affidavit in support of this motion.

As the Sixth Circuit stated in *Wilson, et al. v. Upjohn,* 968 F.2d 1217 (6th Cir.1992), the Defendant's "tactics, while aggressive, did not prevent the Plaintiffs from conducting discovery." *Id.* at 9. Clearly, nothing but a lack of due diligence prevented the Plaintiffs from discovering the evidence upon which they now so heavily rely.

We therefore conclude, that the "evidence" the Plaintiffs have submitted in connection with this motion is inadequate, and thus, fails to satisfy the onerous criteria of Rule 60(b)(2). The Plaintiffs' motion under Fed.R.Civ.P. 60(b)(2), consequently, must be denied.

### b) PLAINTIFFS' RULE 60(b)(3) MOTION MUST BE DENIED

■ The Plaintiffs raise, for the first time in their final Reply Memorandum (doc. 201), the issue of Rule 60(b)(3). This subsection applies to situations involving fraud, misrepresentation or other misconduct. *See* Fed.R.Civ.P. 60(b)(3). The Plaintiffs have provided the Court with nothing more than unsubstantiated, conclusory allegations in support of this claim. The Plaintiffs' Rule 60(b)(3) motion is, therefore, denied.

### c) RULE 60(b)(6) IS INAPPLICABLE TO THE INSTANT CASE

■ The Plaintiffs make passing reference to Rule 60(b)(6). Rule 60(b)(6) is entirely inapplicable to this action. Subsection six can only be used in exceptional or extraordinary circumstances, in cases which are not covered by the first five subsections of Rule 60(b). *Pierce v. United Mine Workers of America,* 770 F.2d 449, 451 (6th Cir.1985). Since this case fits squarely within the scope of subsection two

regarding newly discovered evidence, subsection six is not applicable here. Plaintiffs' motion under subsection six must, consequently, be denied.

## 2) *Defendant's Counsel are entitled to Nominal Sanctions Only*

We must now address the issue of sanctions pursuant to the Order of the Court of Appeals for the Sixth Circuit in *Wilson, et al. v. Upjohn,* 968 F.2d 1217 (6th Cir.1992). Before the Court, are affidavits in the amount of $2,215.00 to Shook, Hardy & Bacon, and $6,485.50 to Frost & Jacobs. The Plaintiffs have offered several arguments why the Court should award a nominal amount as sanctions. The Defendant's counsel has offered no rebuttal.

 In reaching our decision, we are guided by the principal that deterrence, not compensation, is the principal goal of imposing sanctions, and thus, the court should impose the least severe sanctions that is likely to deter. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224, 1229 (6th Cir.1989). Furthermore, the Court has considerable discretion in the selection and imposition of appropriate sanctions. *Id.* Because we find the Plaintiffs' arguments persuasive, we accordingly order the payment of nominal sanctions only.

 Mitigating factors in this case weigh heavily in favor of awarding only nominal sanctions. First, the withdrawal of the Plaintiffs' out-of-town counsel left Mr. Namei at a severe disadvantage. This withdrawal contributed to Mr. Namei's inability to satisfactorily respond to the Defendant's discovery requests. Cases involving attorney sanctions must be considered in light of the circumstances of the particular case. *Matter of Yagman,* 796 F.2d 1165, 1182 (9th Cir.1986); *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1453 (11th Cir.1985). Thus, when a party's failure to respond appropriately to a court's order during discovery is due, in part, to circumstances beyond the party's control, it is not improper for the court to take such circumstances into account when determining appropriate sanctions. *See*

*Yagman,* 796 F.2d at 1182; *Carlucci,* 775 F.2d at 1453.

As we noted earlier, co-counsel's withdrawal for reasons unknown to this Court, left Mr. Namei "to face the enormous demands of this type of litigation without assistance." See Order Granting Summary Judgment, Doc. 180, at 9. We feel that such circumstances strongly favor imposing nominal sanctions.

 Second, in determining appropriate sanctions, the Court must consider the sanctioned attorney's ability to pay. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224, 1230 (6th Cir.1989). "Thus, even when the offended party's actual expenditures appear reasonable, a district court may determine in its discretion, that a smaller amount should be awarded as a sanction in consideration of the financial resources of the offending attorney." *Id.*

Mr. Namei has supplied the Court with sufficient documentation to lead us to conclude that his financial situation is indeed tenuous. See Affidavit of Firooz T. Namei in Response to Defendant's Affidavits in Support of Sanctions (doc. 204), and Exhibits A & B, attached thereto. The poor prospects of Mr. Namei's ability to pay, considered in conjunction with the underlying principles of this rule—to impose the least severe sanctions that is likely to deter—mandate the awarding of nominal sanctions only.

Furthermore, we find that the Defendant's counsel seeks an award of sanctions for duplicative work. As the Plaintiffs point out, on numerous occasions, both defense counsel attended hearings, conferences and engaged in telephone consultations, which evidence a duplication of efforts. See Affidavit entries of 9/25/90, 11/27/90 and 2/28/91 (examples of attendance at hearings of both defense counsel).

Finally, the Magistrate's Order (doc. 113) provided for the payment of reasonable attorney's fees in connection with the Defendant's work in pursuit of its discovery requests (see Magistrates Order, Doc. 113, at 6), not for work done in pursuit of sanc-

**1326**

tions or any other matter related to this litigation. The Defendant's counsel have failed to differentiate in their affidavits which entries pertain to work done in pursuit of their discovery requests, and that which does not.

Therefore, in light of the above mentioned mitigating factors, the questionable ability of Mr. Namei to pay more than nominal sanctions, the duplicative and vague affidavits in support of sanctions, as well as the fact that the defendant's Motion for Summary judgment in the underlying matter was granted, we conclude that it is well within our "wide discretion," *see Jackson*, 875 F.2d at 1230, to grant nominal sanctions only.

### CONCLUSION

The Plaintiffs have failed to satisfy the heavy evidentiary burden of Rule 60(b). The Plaintiffs cannot realistically expect the material they have submitted in support of this motion, to suffice as "newly discovered evidence" within the scope of Rule 60(b)(2). Furthermore, in consideration of the circumstances particular to this case, including Mr. Namei's financial situation, we conclude that it is appropriate to award nominal sanctions only.

Accordingly, the Plaintiffs' Motions for Relief from Judgment is DENIED, the Plaintiffs' Motion to Extend Time to Reply is GRANTED, and we award counsel for the Defendant nominal sanctions in the amount of $250.

SO ORDERED.