**In re FREIGHTWAY CORPORATION.**

**Bankruptcy No. 92–33917.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

June 1, 1994.

As Corrected June 9, 1994.

Robert Doty, Asst. Atty. Gen., Toledo, OH.

C. Drew Griffith, Toledo, OH.

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF STATE OF OHIO, BUREAU OF WORKERS' COMPENSATION'S CLAIM

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the State of Ohio, Bureau of Workers' Compensation's (the "State") motion for reconsideration (the "Motion for Reconsideration") of its claim against the Freightway Corporation (the "DIP"). The Court finds that the Motion for Reconsideration is not well taken and should be denied.

### FACTS

The DIP filed an objection to the State's proof of claim in the DIP's bankruptcy case on July 16, 1993.

The State filed a "Response to Debtor's Objection to Claim" (the "Response") on August 6, 1993 which asserted that its claim "consist[ed] principally of the audit findings prepared by the [State] on five payroll periods from January 1, 1990, to June 30, 1992". Appended to the Response were certain unauthenticated "Schedule[s] of Audit Findings" (the "Findings").

A pretrial conference upon the DIP's objection was held on August 13, 1993. This Court's "Notice of Pretrial Conference Upon Objection to Proof of Claim" dated July 27, 1993 notified the State that "failure to appear may result in the disallowance of the claim without further notice or hearing". Notwithstanding this admonition, the State failed to appear at the pretrial conference.

On August 23, 1993, the Court ordered that the State's claim should be denied (the "Order"). The State did not appeal the Order.

In its Motion for Reconsideration, the State has again provided the Court with unauthenticated copies of the Findings.

### DISCUSSION

The Court finds that the State has not demonstrated "cause" for reconsideration under § 502(j).

Section 502(j) permits a bankruptcy court to reconsider a creditor's claim for "cause" based upon "the equities of the case". As the Sixth Circuit noted in analyzing the former version of § 502(j), Congress' "use of 'may' [in drafting § 502(j) ] indicates a rule of discretion rather than a mandatory requirement". *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir.1991).

■ At the outset, the Court finds it important to note that the Order represented a final order. *Walsh Trucking Co., Inc. v. Ins. Co. of North America (In re Walsh Trucking Co.)*, 838 F.2d 698 (3rd Cir.1988) (held that order expunging proof of claim was a final order); *see also In re Wade*, 991 F.2d 402, 406 (7th Cir.1993) (stating that "orders allowing or denying claims" are final and appealable), *cert. denied sub nom.*, —— U.S. ——, 114 S.Ct. 195, 126 L.Ed.2d 153 (1993); *c.f. Boddy v. United States Bankruptcy Court (In re Boddy)*, 950 F.2d 334 (6th Cir.1991) (interim award of compensation to attorney represented final order where bankruptcy court determined total amount of fees).

In analyzing the State's motion for reconsideration under 11 U.S.C. § 502(j), the Court will apply the standard for relief from judgment set forth in Fed.R.Bankr.P. 9024 which incorporates Fed.R.Civ.P. 60. *Bunn v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 137 B.R. 811 (D.Colo.1992) (analyzing motion for reconsideration under Fed.R.Civ.P. 60(b)); *In re Pettibone Corp.*, 156 B.R. 220, 230 (Bankr.N.D.Ill.1993) (movant must satisfy grounds for relief from judgment under Rule 60(b)), *aff'd sub nom.*, 163 B.R. 989 (N.D.Ill.1994); *State of Ohio Dep't of Taxation v. H.R.P. Auto Center, Inc.*, 130 B.R. 247, 255 (Bankr.N.D. Ohio 1991) (stating that "[r]eference to Rule 60 is appropriate on motions for reconsideration [under § 502(j) ]") (citations omitted); *S.G. Wilson Co. v. Cleanmaster Industries, Inc. (In re Cleanmaster Industries, Inc.)*, 106 B.R. 628 (9th Cir. BAP 1989) (applying Rule 60(b) in deciding motion for reconsideration under § 502(j)).

■ The State has not provided the Court with any "newly discovered evidence". The Findings were clearly available at the time of the pretrial conference in this matter. *See Peake v. First Nat'l Bank And Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir.1982) (Per curiam) (motion for relief from judgment denied where affidavit in support of motion represented untimely disclosure of information available to plaintiffs prior to judgment); *Wilson v. Upjohn Co.*, 808 F.Supp. 1321 (S.D. Ohio 1992) (denying motion for relief from judgment based on purported "new evidence" which was comprised of affidavits from witnesses available to movant while case was pending); *see also Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir.1992) (the fact that evidence offered was contained in movant's files prior to hearing on motion represented grounds for denial of Rule 60(b)(2) motion). Moreover, the unauthenticated Findings do not represent admissible evidence which the Court can consider in deciding the Motion for Reconsideration. *See* Fed.R.Evid. 901(a) (requiring "evidence sufficient to support a finding that the matter in question is what its proponent claims").

Read generously, the Motion for Reconsideration can be construed as alleging that the State's conduct represented "excusable neglect". In determining whether the State has demonstrated "excusable neglect" under Fed.R.Civ.P. 60(b), the Court is guided by the Supreme Court's analysis of "excusable neglect" within the analogous context of Fed. R.Bankr.P. 9006(b). In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, the Supreme Court instructed bankruptcy courts to balance the equities in determining whether a party's conduct constitutes "excusable neglect". *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, —— U.S.

——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993).

 Factors which a court should consider in making this equitable determination include:

[1.] the danger of prejudice to the [opposing party],

[2.] the length of the delay and its potential impact on the judicial proceedings,

[3.] the reason for the delay, including whether it was within the reasonable control of the movant,

[4.] and whether the movant acts in good faith.

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498 (citation omitted).

 The Court finds that the equities do not favor granting the State's Motion to Reconsider.

First, granting the State's motion would further delay Freightway's reorganization. The confirmation hearing in Freightway's bankruptcy case is set for July 12, 1994. Second, requiring other creditors who have diligently prosecuted their claims against Freightway's estate to await the disposition of the State's claim would be inequitable at this stage in the administration of the estate. Third, appearance at the pretrial conference was clearly within the State's reasonable control. Moreover, the State has not demonstrated that its failure to take any action subsequent to the Order and prior to the filing of the instant motion was "excusable". Fourth, although the record does not indicate that the State has acted in bad faith, the Court concludes that the State has failed to meet its burden of demonstrating "excusable neglect". *See United States v. RG & B Contractors, Inc.,* 21 F.3d 952 (9th Cir.1994) (the fact that movant overlooked certain invoices in its files during corporate restructuring which would have increased judgment did not represent "excusable neglect" under Rule 60(b)); *c.f. Huennekens v. Marx (In re Springfield Contracting Corp.),* 156 B.R. 761, 767 (Bankr.E.D.Va.1993) (extension of time for appeal not warranted despite the fact that notice of appeal was filed only one day late where circumstances did not indicate "excusable neglect").

Further, the State has not convinced the Court that denying its Motion for Reconsideration would work a manifest injustice.

Lastly, the State has not demonstrated its entitlement to relief under any of the other grounds set forth in Rule 60(b).

In light of the foregoing, it is therefore

ORDERED that the State's motion for reconsideration be, and it hereby is, denied.