**In re Charles L. BENT, Debtor.**

**Teresa Rueb, Plaintiff,**

**v.**

**Charles L. Bent, Defendant.**

**Bankruptcy No. 00–72881.**
**Adversary No. 00–7212.**

United States Bankruptcy Court,
C.D. Illinois.

Sept. 28, 2001.

Gerald L. Timmerwilke, Quincy, IL, for Debtor.

William F. Nissen, Quincy, IL, trustee.

### OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court on the Plaintiff's Motion for Reconsideration. The Defendant has filed a Response to the Motion for Reconsideration and the Plaintiff has filed a Counter–Response.

"Motions for reconsideration" are not formally designated by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, except as provided in Bankruptcy Rule 3008, which allows reconsideration of orders allowing or disallowing claims against the estate. Rule 59(e) of the Federal Rules of Civil Procedure, as adopted by Federal Rule of Bankruptcy Procedure 9023, permits a party to move the court to alter or amend a judgment entered by filing a motion to alter or amend, not one styled as a "motion for reconsideration."

The U.S. Court of Appeals for the Seventh Circuit has instructed courts in the circuit to treat all substantive post-judgment motions filed within ten days of judgment under Rule 59. *Charles v. Daley,* 799 F.2d 343 (7th Cir.1986). Because the Plaintiff's "Motion for Reconsideration" was filed on July 9, 2001, or eleven days after the entry of the Order on June 26, 2001, Fed.R.Civ.P. 59 is inapplicable to this case. The Plaintiff's only recourse is a motion under Fed.R.Civ.P. 60(b).

Fed.R.Bankr.P. 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings. Rule 60(b) provides for relief from a final order for, *inter alia,* mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. A motion for relief from a final order of judgment filed pursuant to Fed.R.Civ.P. 60(b) must be filed within one year after the order was entered.

Rule 60(b) provides in pertinent part:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

 In order to qualify for relief from a judgment under Rule 60(b), the Defendant herein must demonstrate that the judgment resulted from a mistake, inadvertence, surprise, or excusable neglect and that it has a meritorious defense. *Ellingsworth v. Chrysler*, 665 F.2d 180 (7th Cir.1981). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *See Nelson v. City Colleges of Chicago*, 962 F.2d 754, citing *CKS Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202 (7th Cir.1984); *In re John Carey Oil Company, Inc.*, Case No. 89–71311, Adv. No. 90–7140 (Bankr.C.D.Ill.1992). Those exceptional circumstances are not present in this case.

The only aspect of Rule 60(b) which could possibly apply in this case is the catch-all provision of (6)—"any other reason justifying relief from the operation of the judgment...." This provision applies only in exceptional or extraordinary circumstances which are not covered by other portions of Rule 60. *Wilson v. Upjohn Co.*, 808 F.Supp. 1321 (S.D.Ohio 1992).

The Plaintiff's Motion for Reconsideration essentially reiterates the arguments set forth in her Response to the Defendant's Motion for Summary Judgment. As the Court noted in its Opinion, the equitable arguments presented by the Plaintiff are not relevant to a § 523(a)(5) proceeding, and the Plaintiff elected not to proceed under § 523(a)(15). At this point in time, the only forum with authority to consider the equities of the situation is the state court upon the filing of a motion to modify divorce decree based upon changed circumstances, i.e. the Defendant's bank-

ruptcy. The Plaintiff has not set forth sufficient grounds for relief under Rule 60(b).

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.