**In re Charles L. BENT, Debtor.**

**Teresa Rueb, Plaintiff,**

**v.**

**Charles L. Bent, Defendant.**

**Bankruptcy No. 00–72881.**
**Adversary No. 00–7212.**

United States Bankruptcy Court,
C.D. Illinois.

Dec. 6, 2001.

Gerald L. Timmerwilke, Quincy, IL, for Debtor.

William F. Nissen, Quincy, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter is before the Court on Plaintiff's Motion for Relief from Judgment and for Leave to File Amended Complaint. The Defendant opposes the Motion.

The Court has already written two Opinions in this matter which set forth the factual background of the case. It should suffice at this point to state that the Plaintiff and the Defendant were once married, that their marriage was dissolved, and that the Judgment for Dissolution of Marriage entered in their case required Defendant to pay Plaintiff a sum of money which he has not paid. Defendant has filed a voluntary Chapter 7 petition in bankruptcy, and Plaintiff has filed an adversary complaint under 11 U.S.C. § 523(a)(5) seeking to have the debt determined to be nondischargeable. Subsequent to the filing of the adversary complaint, Defendant filed a Motion for Summary Judgment. On June 26, 2001, the Court entered an Opinion and Order (subsequently corrected on July 5, 2001) granting Defendant's Motion for Summary Judgment. On July 9, 2001, Plaintiff filed a Motion for Reconsideration. On September 28, 2001, the Court entered an Order and Opinion denying the Motion for Reconsideration. The September 28, 2001, Opinion stated that the Motion for Reconsideration was untimely filed, which precluded relief under Federal Rule of Civil Procedure 59. Accordingly, Plaintiff's only avenue of recourse was under Federal Rule of Civil Procedure 60(b). The September 28, 2001, Opinion went on to enumerate the criteria for granting relief under Fed.R.Civ.P. 60(b) [mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment]. The Court then held that the only aspect of Rule 60(b) which could possibly apply in this case was the catch-all provision of Fed. R.Civ.P. 60(b)(6)—"any other reason justifying relief from the operation of the judgment. . . ." The Court found that there

were insufficient grounds for relief under 60(b)(6) and suggested that the only forum with authority, at this stage in the game, to consider the equities of the situation was the state divorce court.

On October 4, 2001, Plaintiff filed her Motion for Relief from Judgment and for Leave to File Amended Complaint. Apparently, Plaintiff has finally seen the light and now seeks to file an amended adversary complaint seeking relief under 11 U.S.C. § 523(a)(15). Again, Plaintiff asserts that the equities in this case favor her position. Accordingly, Plaintiff seeks relief from the Court's judgment pursuant to Fed.R.Civ.P. 60(b)(6).

Plaintiff's entitlement to relief pursuant to Fed.R.Civ.P. 60(b)(6) was squarely addressed in the Court's September 28, 2001, Opinion and Order. However, the Court will treat Plaintiff's Motion for Relief from Judgment and for Leave to File Amended Complaint as a motion to alter or amend the September 28, 2001, Order pursuant to Fed.R.Civ.P. 59. *See* September 28, 2001 Opinion, 288 B.R. 541, 542. This treatment allows the Court to revisit the availability of relief under Fed.R.Civ.P. 60(b)(6), but it does not allow the Court to revisit the availability of relief under Fed. R.Civ.P. 59. The Plaintiff lost that avenue of relief when she failed to timely file her "Motion for Reconsideration" of the Court's June 26, 2001, Order.

█ Visiting once again the question of whether Plaintiff has a basis for relief under Fed.R.Civ.P. 60(b)(6) for "any other reason justifying relief from the operation of the judgment...", the Court finds, for the same reasons as set forth in its September 28, 2001, Opinion, that the exceptional or extraordinary circumstances which are required to merit relief are not present here. Plaintiff's only new argument is that she has identified a new statutory basis on which to proceed with her adversary complaint. That argument is insufficient to merit Rule 60(b)(6) relief. Plaintiff's main argument for relief is one she has argued before—the equities. Again, Plaintiff's best forum for making this argument is the divorce court, as it appears that Plaintiff may have grounds for obtaining modification of the divorce decree based upon changed circumstances, *i.e.* the Defendant's bankruptcy.

Plaintiff also argues that she should be entitled to amend her pleading pursuant to Fed.R.Civ.P. 15. Plaintiff argues that allowing an amended complaint is proper where the same factual basis would support both the first and amended complaint where the first complaint was timely filed and the amendment was filed after the date proscribed for the filing of an adversary complaint.

█ Plaintiff's position may well be correct, and she might otherwise be entitled to amend her complaint, were it not for the fact the Order dated June 26, 2001, granting Defendant's Motion for Summary Judgment became final before Plaintiff's "Motion for Reconsideration" was filed. This hurdle is insurmountable for Plaintiff because the complaint has been fully and finally adjudicated and, therefore, cannot be amended. To allow Plaintiff to amend her complaint at this point would be to allow her to set aside a final judgment without meeting the requirements of either Rule 59 or Rule 60(b).

For the reasons set forth above, the Plaintiff's Motion for Relief from Judgment and for Leave to File Amended Complaint is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.