In re Paul A. BARKER, II, Debtor.

First National Bank of Mt. Pulaski, d/b/a Capital Community Bank, Plaintiff,

v.

Paul A. Barker, II, Defendant.

Bankruptcy No. 03–73442.
Adversary No. 03–7296.

United States Bankruptcy Court, C.D. Illinois.

Feb. 25, 2004.

R. Stephen Scott, Springfield, IL, for Debtor.

Mark T. Dunn, Bloomington, IL, trustee.

### OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court on the Defendant's Motion for Relief from Order.

The Plaintiff, First National Bank of Mt. Pulaski, filed an adversary complaint against the Defendant, Paul Barker, II, on October 24, 2003. The two-count complaint alleged that the Defendant's debt to the Bank was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). The summons was properly served on the Defendant and his attorney by mail service; the summons was mailed on October 28, 2003. The summons required a response from the Defendant in 30 days. The summons contained the following warning: "IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO

ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT". When the Defendant failed to respond to the Complaint, an Order Granting Default Judgment was entered on December 16, 2003.

On January 5, 2004, the Defendant filed a Motion for Relief from Order. The Defendant alleges that he failed to respond to the Complaint in a timely manner because he had "insufficient means and finances to employ an attorney". He asserts that he was prevented from asking his father for the money because his mother had obtained an order of protection that prevented him from contacting his father. He states that he now has a way to contact his father and fund his defense.

The Defendant's Motion was not filed within ten days of the entry of the default judgment. Therefore, Fed.R.Civ.P. 59(e), made applicable to bankruptcy cases by Bankruptcy Rule 9023, is not available to the Defendant. The Defendant's only recourse is a motion under Fed.R.Civ.P. 60(b):

Fed.R.Bankr.P. 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings. Rule 60(b) provides for relief from a final order for mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. A motion for relief from a final order of judgment filed pursuant to Fed.R.Civ.P. 60(b) must be filed within one year after the order was entered.

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadver-

tence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

In order to qualify for relief from a judgment under Rule 60(b), the Defendant herein must demonstrate that the judgment resulted from a mistake, inadvertence, surprise, or excusable neglect and that it has a meritorious defense. *Ellingsworth v. Chrysler*, 665 F.2d 180 (7th Cir. 1981). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *See Nelson v. City Colleges of Chicago*, 962 F.2d 754, *citing CKS Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202 (7th Cir.1984); *In re John Carey Oil Company, Inc.*, Case No. 89–71311, Adv. No. 90–7140 (Bankr. C.D.Ill.1992). Those exceptional circumstances are not present in this case.

The only aspect of Rule 60(b) which could possibly apply in this case is the catch-all provision of (6)—"any other reason justifying relief from the operation of the judgment. . . ." This provision applies only in exceptional or extraordinary circumstances which are not covered by other portions of Rule 60. *Wilson v. Upjohn Co.*, 808 F.Supp. 1321 (S.D.Ohio 1992).

The only "exceptional or extraordinary circumstance" offered by the Defendant is his lack of funds to hire an

attorney. This is a rather common circumstance for debtors who find themselves as defendants in an adversary proceeding. The Defendant could have filed a motion (or letter) requesting additional time to answer. He also could have file a *pro se* answer as many defendants in his situation do. Instead, he chose to ignore the summons despite the clear warning that a default judgment would be entered against him if he failed to answer.

Moreover, the Defendant has failed to assert a meritorious defense. He merely makes the unsupported claim that he as "lawful defenses" to the Complaint. This bare, unsubstantiated assertion is not enough to warrant relief from judgment.

For the foregoing reasons, the Defendant's Motion for Relief from Order is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Defendant's Motion for Relief from Order be and is hereby denied.