**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 302.]**

HERNANDEZ, APPELLEE, *v*. MARTIN CHEVROLET, INC., APPELLANT, ET AL.

[Cite as *Hernandez v. Martin Chevrolet, Inc*., 1995-Ohio-200.]

*Torts—Negligence—Violation of Occupational Safety and Health Act does not constitute negligence per se.*

A violation of the Occupational Safety and Health Act, Section 651 *et seq*., Title 29, U.S. Code, does not constitute negligence *per se*.

(No. 94-314—Submitted March 7, 1995—Decided June 14, 1995.)

CERTIFIED by the Court of Appeals for Trumbull County, No. 92-T-4739.

_____

{¶ 1} In 1984, appellant, Martin Chevrolet, Inc., had a Trocal ZV roof system installed on a facility that it rents from Paul Martin, Inc. ("Paul Martin"). The roof system developed some problems while still under warranty. The manufacturer, pursuant to the terms of the warranty, hired Simon Roofing & Sheet Metal Corporation ("Simon Roofing") to repair the roof. Appellee, Martin Hernandez, was an employee of Simon Roofing.

{¶ 2} On May 17, 1989, appellee, along with co-workers from Simon Roofing, arrived at appellant's premises to conduct repairs. To gain access to the roof, appellee and his co-workers used an exterior ladder affixed to the premises. There is evidence that the ladder extended two and one-half feet above the roof, one foot less than required by Section 1910.27(d)(2)(iii), Title 29, C.F.R., promulgated pursuant to the Occupational Safety and Health Act ("OSHA"), Section 651 *et seq*., Title 29, U.S. Code. The spacing from the topmost two rung of the ladder to the roof varied by two inches from the spacing requirements of Section 1910.27(d)(3), Title 29, C.F.R.

{¶ 3} When appellee attempted to ascend using the ladder, he slipped, fell from the ladder and struck a railing, causing his injury.

**{¶ 4}** Appellee filed a complaint in the Trumbull County Court of Common Pleas, alleging that Martin Chevrolet willfully and wantonly failed to maintain its premises in a reasonably safe condition. The complaint also alleged that appellant negligently failed to maintain safe premises. Appellee later amended his complaint, adding Paul Martin as a party and alleging similar allegations against Paul Martin. Martin Chevrolet and Paul Martin filed motions for summary judgment, which the trial court granted.

**{¶ 5}** Appellee appealed to the Court of Appeals for Trumbull County. The court of appeals affirmed the judgment of the trial court in part, reversed it in part, and remanded the cause.

**{¶ 6}** The appellate court upheld the trial court's decision to grant Paul Martin's motion for summary judgment. As to appellee's claims against Martin Chevrolet, the court of appeals held that many of appellant's theories of liability were improper. However, the appellate court held that summary judgment as to Martin Chevrolet was improper on appellee's common-law claim of liability. The court found that a violation of OSHA could constitute negligence *per se*, and that appellee was a member of the class that OSHA was intended to protect.

**{¶ 7}** The court of appeals, finding its judgment to be in conflict with the judgment of the Court Appeals for Cuyahoga County in *Simon v. Drake Constr. Co.* (1993), 87 Ohio App.3d 23, 621 N.E.2d 837, certified the record of the cause to this court for review and final determination.

———————

*Raymond J. Tisone & Associates Co., L.P.A.,* and *Raymond J. Tisone*, for appellee.

*Roetzel & Andress, Timothy J. Ochsenhirt, Aretta K. Bernard* and *Breaden M. Douthett,* for appellant.

———————

**PFEIFER, J.**

{¶ 8} The issue before this court is whether appellant is negligent per se because appellant violated provisions of OSHA. "[W]here a legislative enactment imposes upon a person a specific duty for the protection of others, his failure to observe that duty constitutes negligence per se." *Taylor v Webster* (1967), 12 Ohio St.2d 53, 56, 41 O.O.2d 274, 275, 231 N.E.2d 870, 872.

{¶ 9} In order to determine whether a violation of OSHA constitutes negligence per se, we must first determine whether OSHA was intended to affect the duties owed for the safety and protection of others. The preamble to OSHA reveals the legislation's intended effect on state law. Section 653(b)(4), Title 29, U.S. Code provides:

"Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, *duties*, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." (Emphasis added.)

{¶ 10} This statutory disclaimer clearly indicates that Congress did not intend OSHA to affect the duties of employers owed to those injured during the course of their employment.

{¶ 11} Negligence *per se* decreases the elements that a plaintiff must prove in a negligence action. In *Swoboda v. Brown* (1935), 129 Ohio St. 512, 2 O.O.516, 196 N.E. 274, paragraph four of syllabus, this court stated:

"The distinction between negligence and 'negligence *per se'* is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required."

**{¶ 12}** Thus, a plaintiff's case is significantly aided if negligence *per se* is established. If we held that a violation of OSHA constitutes negligence *per se*, we would allow OSHA to affect the duties owed by individuals to those injured in the course of their employment. Such a holding would be contrary to the intent of the legislation. See *Ries v. Natl. RR. Passenger Corp.* (C.A.3, 1992), 960 F.2d 1156, 1162. Accordingly, we hold that a violation of OSHA does not constitute negligence *per se*. The trial court properly granted appellant's motion for summary judgment.

**{¶ 13}** Because our holding directly conflicts with the appellate court's holding, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

_____