JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Jack Staph (Jack) and Bernadette Staph (Bernadette), or collectively (the Staphs), appeal from the decision of the trial court granting summary judgment which dismissed their claim of negligence against defendant-appellee Van Auken Akins Architects LLC (VAA), as set forth in count six of their amended complaint. For the following reasons, we reverse the trial court.
 {¶ 2} This case concerns the construction of a residential building. The instant appeal questions whether the Staphs' claim regarding the design and construction of a residential building was properly dismissed upon the granting of VAA's summary judgment. The trial court, in granting the motion, dismissed the Staphs' tort action for architectural malpractice against the firm regarding the choice of design drawings and specifications for construction of the home.
 {¶ 3} On March 13, 2003, the Staphs signed an agreement with VAA to design a "Tuscan Villa" on vacant property the Staphs had purchased in Moreland Hills, Ohio in October of 2002. The Staphs began working with a principal of VAA, Jacqueline V. Atkins (Atkins), with the assistance of VAA employee, Melissa Fliegel (Fliegel), to develop the architectural drawings and specifications for the residence.
 {¶ 4} The Staphs moved into the Moreland Hills home in November of 2005. The Staphs claim that, in addition to other problems with the home, there *Page 5 
was water leaking through the roof of the home, twice in December of 2005 and again in November of 2007.
 {¶ 5} On November 30, 2006, the Staphs filed a complaint against Ted Sheldon and Ted T. Sheldon Company (Sheldon), a general contractor, who was hired by the Staphs to construct the home. The complaint set forth various claims against Sheldon, including breach of oral contract and negligence arising out of the construction of the home.
 {¶ 6} On January 5, 2007, Sheldon filed a third-party complaint against the architects, VAA, Joe Masseria dba Joe Masseria Sons Plastering (Masseria), and Daniel Zust dba Northeast Roofing Inc. (Northeast Roofing).
 {¶ 7} On September 11, 2007, the Staphs filed an amended complaint against Sheldon, VAA, and Northeast Roofing. Masseria was not added as a defendant in the amended complaint.
 {¶ 8} VAA filed its answer to the amended complaint on September 13, 2007, denying that it breached its duty of care to "act consistent with professional standards in the architectural design of Plaintiffs' home, and to employ such care and skill in the choice of design drawings and specifications."
 {¶ 9} After discovery and various pretrials were conducted, the trial court on January 17, 2008, granted leave to VAA to file a dispositive motion by March 7, 2008. *Page 6 
 {¶ 10} On March 7, 2008, VAA filed its motion for summary judgment. Attached in support of the motion was documentary evidence that included two expert reports provided by the Staphs, a report by Steven Varelmann, and a report prepared by Tile Roof Specialists, LLC. The Staphs had hired these experts in order to determine the cause of the water intrusion and to determine whether the roof was properly designed and constructed. These opinions are the focus of VAA's motion for summary judgment.
 {¶ 11} The Staphs filed their brief in opposition to the motion on April 18, 2008. Documentary evidence submitted by the Staphs in opposition to VAA's motion included the affidavit and reports of their expert, Steven Varelmann, and an affidavit and reports of another expert retained by the Staphs, Isaac Lewin.
 {¶ 12} VAA filed a reply brief in support of its motion for summary judgment on April 24, 2008, to which was attached VAA's architects' field reports. Presumably VAA did so to substantiate its contention that the architects complied with their observation (not inspection) duties under its contract.
 {¶ 13} On May 2, 2008, the trial court granted the motion for summary judgment filed by VAA in a journal entry filed May 5, 2008, which stated as follows: "Defendant Van Auken Architects LLC's motion for summary judgment * * * is granted. All dates remain as scheduled[.]" The notice of appeal was timely filed because it was within thirty days from when the Staphs filed a *Page 7 
notice of voluntary dismissal without prejudice against Sheldon and Northeast Roofing on June 6, 2008.
 {¶ 14} The Staphs appealed, asserting a sole assignment of error.
 "THE TRIAL COURT ERRED BY GRANTING APPELLEE VAN AUKEN AKINS ARCHITECTS, LLC SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED BETWEEN APPELLEE AND APPELLANTS JACK AND BERNADETTE STAPH FOR APPELLANTS' CLAIMS FOR NEGLIGENCE AND BREACH OF CONTRACT ASSERTED AGAINST APPELLEE FOR THE DESIGN AND CONSTRUCTION OF APPELLANT'S HOME."
 {¶ 15} The Staphs argue that the trial court erred when it granted VAA's motion for summary judgment on their claim for negligence in breach of a professional architect's duty to exercise reasonable care and skill in the preparation of design and specifications for construction of their home. Additionally, the Staphs argue that the trial court erred when it granted VAA's motion for summary judgment on their breach of contract claim. However, a review of the amended complaint reveals no specific claim for breach of contract, despite the argument subsumed in the assignment of error that VAA also breached contractual obligations to conduct general inspections of the progress of the construction, referred to by the parties as "contract administration." Therefore, the issue presented for our review is whether the trial court properly granted VAA's motion for summary judgment on the tort action claiming architectural malpractice. *Page 8 
 {¶ 16} Appellate courts review motions for summary judgment de novo.Retting v. General Motors Corp., Cuyahoga App. No. 86837,2006-Ohio-6576. Pursuant to Civ. R. 56(C), summary judgment is appropriate when: first, there exists no genuine issue as to any material fact; second, the moving party is entitled to judgment as a matter of law; and third, based on evidence or stipulation, reasonable minds can come to but one conclusion and said conclusion is adverse to the party against whom the motion for summary judgment is made. The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
 {¶ 17} In Dresher, the Ohio Supreme Court held as follows:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the *Page 9 
nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher at 293.
 {¶ 18} "Generally, one who contracted in a specialized professional capacity to provide the design for a particular structure may be held to respond in damages for the foreseeable consequences of a failure to exercise reasonable care in the preparation of the design."Cincinnati Riverfront Coliseum, Inc. v. McNulty Co. (1986),28 Ohio St.3d 333, 337. "Whether an architect exercises reasonable care in the preparation of designs depends upon the standard of care which licensed architects must follow. Expert testimony is required to establish the standard of care, unless the lack of skill or care of the professional is so apparent as to be within the comprehension of a layperson and requires only common knowledge and experience to understand it."Simon v. Drake Constr. Co. (1993), 87 Ohio App.3d 23, 26.
 "It is well-established that a plaintiff must demonstrate the following elements in an action for professional negligence: (1) the existence of a legal duty; (2) a breach of that duty; (3) proximate causation; and (4) injury or damages. If the party moving for summary judgment in a negligence action can point to evidence illustrating that the nonmoving party will be unable to prove any one of these elements, then the movant is entitled to judgment as a matter of law." Second Natl. Bank of Warren v. Demshar
(1997), 124 Ohio App.3d 645, 648. *Page 10 
 {¶ 19} VAA's motion for summary judgment was based on the contention that the documentary evidence attached to its motion, the reports of the Staphs' own experts, demonstrate that the Staphs are unable to prove each of the essential elements of professional negligence of malpractice. VAA argued in its motion that, since the reports of the Staphs' experts failed to establish a prima facie case for professional negligence of malpractice, their claim against VAA must be dismissed. Specifically, VAA argued that the reports of the Staphs' experts failed to establish the standard of care, failed to demonstrate the breach of the standard of care, and failed to prove damages.
 {¶ 20} We agree with the Staphs that the trial court erred in granting the motion for summary judgment in the instant case. Our review of the record discloses that the affidavit and report of the Staphs' expert, Steven Varelmann, an expert whose qualifications were not challenged by VAA, established in his affidavit and report evidence as to each and every element necessary to establish architect professional malpractice relating to the roof design sufficient to survive summary judgment.
 {¶ 21} The following sections of the affidavit and report of Varelmann, attached in opposition of the Staphs' motion for summary judgment, are sufficient to establish the elements of architect professional malpractice relating to the roof design: *Page 11 
 4. In my evaluation, my work consisted of: reviewing design documents; conducting on-site visual inspection of the installed system; conducting code and product research; conducting owner interviews; and reviewing industry standards, and the manufacturer's 2007 manual, as well as pertinent sections of the manufacturer's 1992 manual. The applicable manual for determining the standards in this case was the 1992 manual.
 5. A true and accurate copy of my reports in this case are attached hereto as Exhibits 2 and 3.
 6. All of the opinions are in accordance with architectural standards, and held to reasonable architectural and engineering certainty and probability.
 7. In summary, it is of my opinion that Van Aukin Akins Architects, LLC ("VAA") failed in the design and contract administration of the Staphs' roof deviating from their required duties as architects for the following reasons:
 (a) VAA's presentation to the Staphs of Spanish "S" tile was inappropriate, because Spanish "S" tile, per the manufacturer's specifications, should not be installed on a home in Northeast Ohio as it is not suitable for cold weather climates.
 (b) VAA designed the roof to be installed on a two-way batten system, or counter-batten system, but the manufacturer requires Spanish "S" tile to be installed directly to the underlayment.
 (c) Consequently, the roof system was improperly applied * * *.
 (d) As a result of VAA's actions, or lack thereof, the roofing system is compromised, which will cause probable damage to the home, including a shorter life expectancy and degradation of the wood caused by ice and water build-up." *Page 12 
 {¶ 22} Finally, Varelmann's roof report of the Staphs' residence, referenced in his affidavit, established a prima facie case for architectural malpractice. Varelmann's report, stated that he reviewed Akin's architectural drawings. He addressed the standards in the industry for residential roof systems and listed his conclusions, a portion of which are set forth below:
 "The Staph residence is a multi-million dollar custom designed and constructed home. A premium roof system was selected for enhanced aesthetic value and high durability, and expected to be installed to provide many years of low-maintenance service. Life. The warranty on the roof tiles is 50 years.
 The roof system that was specified and installed does not conform to manufacturer's recommendations. The installation was detailed incorrectly on the drawings. The roof has leaked, the service life is unknown, and therefore the value is less than what the Owner purchased. As a consequence, the value of the home is compromised and is less than what the Owner expects and to which they are entitled." (Emphasis added.)
 {¶ 23} VAA points to conflict between Staphs' experts. Varelmann opined that VAA breached the standard of care by designing a Spanish "S" tile roof to be installed on a batten system. Tile Roof Specialist has proposed to install a new Spanish "S" tile roof over a batten system. However, the conflict between the various expert reports is an issue for trial. Such a conflict does not obviate the fact that genuine issues of material fact exist as to whether VAA's actions or inactions, as it relates to its duty to design the drawings and specifications, was outside the parameters of the professional standard of care for architects, whether such a duty has been breached, and whether damages were proximately *Page 13 
caused by the breach. When deciding a motion for summary judgment "it is not the duty of this court, or the trial court, to weigh the evidence or to resolve issues of credibility." Pappas v. Ippolito,177 Ohio App.3d 625, 636-637, 2008-Ohio-3976, citing Stimmel v. Cleveland (Feb. 19, 1983), Cuyahoga App. No. 44899.
 {¶ 24} VAA maintained that Exhibit G to its motion for summary judgment, the deposition of Melissa Fliegel at pages 33-34, and Exhibit E to its motion for summary judgment, the deposition of Jacqueline Akins at page 67, supported the following factual assertion: "Based on the 1992 Monier Tile Specs (1992 Monier Tile Specs) and the Concrete Clay Tile Roof Design Manual for Cold and Snow Regions (1992 Cold Manual), as recommended by Monier, VAA designed the Spanish S tile roof for the Staphs' house." (Appellee's brief at page 2. (Emphasis added.)
 {¶ 25} However, a review of other portions of the depositions of Fliegel and Akins and the reports of the Staphs' experts reveals that the drawings specified the underlayment of the roof to be two layers of roofing felt #30 on a counter-batten system, as specified in the 1992 Cold Weather Manual obtained by VAA on August 26, 2003; and additionally specified that the roof is to be installed pursuant to the manufacturer's guidelines. When the Monier Spanish Tile Specifications were received on October 15, 2003, they called for an entirely different type of installation which varied from what was shown in the drawings based on the 1992 Cold Weather manual. The 1992 Monier Tile Manual noted *Page 14 
the underlayment to be a single-ply system with the concrete tile applied directly to the underlayment without a single or counter-batten system. (See, e.g., Deposition of Melissa Fliegel at pp. 44-45, Deposition of J. Akins. p. 69, Expert reports of Varelmann and Tile Specialists, Inc.)
 {¶ 26} Therefore, a review of the record reveals that despite VAA's assertions to the contrary, material factual questions exist as to whether the roof system that was specified and installed conformed to manufacturer's recommendations existent in 1992, and whether the installation was in fact detailed correctly on VAA drawings.
 {¶ 27} A review of the documentary evidence, including the depositions of Fliegel, raises questions as to the events leading up to the completion of the architectural drawings and design specifications of the Staphs' house. The documentary evidence certainly raises questions as to whether VAA designed the Spanish "S" Tile roof for the Staphs' house "based on the 1992 Monier Tile Specs. (1992 Monier Tile Specs)and the Concrete Clay Tile Roof Design Manual for Cold and Snow Regions (1992 Cold Manual), as recommended by Monier," as VAA contends.
 {¶ 28} In deciding this case, we are mindful of the consideration set forth in Pappas.
 "In reviewing a grant of summary judgment, we are mindful of the Ohio Supreme Court's admonition that `[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial *Page 15 
where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion.' Id. at ¶ 37, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2."
 {¶ 29} When viewing the evidentiary material most strongly in favor of the Staphs as required, we find that reasonable minds could reach more than one conclusion as to whether VAA committed professional malpractice relating to the architectural drawings and design specifications for the Staphs' house. Because questions of fact remain, VAA was not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment in its favor.
Judgment reversed and remanded.
It is ordered that appellants recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and *Page 16 
MELODY J. STEWART, J., CONCUR. *Page 1