[Cite as *Riverside Drive Ents., L.L.C. v. Geotechnology, Inc.*, 2023-Ohio-583.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RIVERSIDE DRIVE ENTERPRISES, LLC, | : | APPEAL NO. C-220099<br>TRIAL NO. A-2004462 |
| and | : | |
| COLLINS RIVERSIDE DEVELOPMENT, LLC, | : | *O P I N I O N.* |
| | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| GEOTECHNOLOGY, INC, | : | |
| | : | |
| S.P. CONTRACTING, LLC, d.b.a S.P. DRILLING & CONTRACTING, | : | |
| and | : | |
| EVANS LANDSCAPING, INC., | : | |
| Defendants-Appellees | : | |
| vs. | : | |
| CARDINAL ENGINEERING CORPORATION | : | |
| Third-Party Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 1, 2023

*Lindhorst & Dreidame Co. L.P.A.* and *Barry F. Fagel,* for Plaintiffs-Appellants,

*Freud, Freeze & Arnold* and *Shawn M. Blatt*, for Defendant-Appellee Geotechnology, Inc.,

*Reminger Co., L.P.A.* and *Timothy B. Spille*, for Defendant-Appellee S.P. Contracting, LLC, d.b.a S.P. Drilling & Contracting,

*Santen & Hughes* and *Brian P. O'Connor*, for Defendant-Appellee Evans Landscaping, Inc.



**CROUSE, Judge.**

{¶1}   Plaintiffs-appellants Riverside Drive Enterprises, LLC, and Collins Riverside Development, LLC, (collectively, "appellants") undertook development of a restaurant, gas station, and drive-thru mini-mart on a single project site in Cincinnati, Ohio. When construction of a retaining wall on the project site did not meet appellants' expectations, they filed a complaint against the contractors that were hired to plan, design, and build it: Geotechnology, Inc., ("Geotechnology), S.P. Contracting, LLC, d.b.a. S.P. Drilling & Contracting ("S.P. Drilling"), and Evans Landscaping, Inc., ("Evans Landscaping") (collectively, "appellees"). After discovery closed, appellees moved for summary judgment. The trial court granted summary judgment and appellants now appeal. For the reasons that follow, we affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2}   In December 2020, appellants filed a complaint against the appellees alleging breach of contract and negligence. Appellants also sought a declaratory judgment against Geotechnology regarding a disputed settlement agreement. Appellants demanded damages from each defendant in excess of $25,000, plus costs, fees, and interest. All defendants filed answers to the complaint. In addition to its answer, Evans Landscaping filed a cross-claim against each codefendant for contribution and indemnification, and a third-party complaint against Cardinal Engineering Corporation for the same.[1]

{¶3}   In March 2021, the trial court journalized a case-management order that set a deadline of June 25, 2021, for appellants to identify and produce their expert

---

[1] Cardinal Engineering Corporation is not a party to this appeal.

reports. The deadline for appellees' expert reports was July 23, 2021. The discovery cut-off date was September 24, 2021. A jury trial was scheduled for January 31, 2022.

{¶4} On June 24, 2021, appellants shared their expert reports via email.[2] The first report, prepared by civil engineer Anthony Amicon, is titled "Engineer's Opinion of Probable Construction Cost." This two-page report is an itemized breakdown of the estimated work needed to repair the wall—$1.2 million in total. Appellants also provided a one-page document titled "Retaining Wall & Hillside Stabilization Design & Construction Support Fee Estimate Summary" dated January 22, 2021, though it is not clear on the record before us if Amicon also authored this estimate. Appellees also produced their respective reports.

{¶5} In October 2021, Geotechnology and S.P. Drilling (later joined by Evans Landscaping) moved for summary judgment. The thrust of their arguments was that appellants failed to produce an expert opinion sufficient to overcome summary judgment as it relates to the standard of care, or any breach of that standard.

{¶6} On December 6, 2021, appellants responded to the motions and filed an affidavit from Amicon (the "Amicon Affidavit") that provided opinion testimony about the condition of the retaining wall and placed blame on Geotechnology and S.P. Drilling. In response, Geotechnology and S.P. Drilling filed a joint motion to strike the Amicon Affidavit. They argued, among other things, that the affidavit was untimely and the opinions included in the affidavit were not included in appellants' initial expert reports and thus did not comply with Civ.R. 26(B)(7).

---

[2] In their response to appellees' motions for summary judgment, appellants later referred to the reports as merely being "preliminary."

{¶7} On January 11, 2022, the court held a hearing on the pending motions for summary judgment and the joint motion to strike. After hearing argument by the parties, the court orally announced its decision to grant the motion to strike and the motions for summary judgment. The court held that the initial expert reports were not expert reports at all and were merely "cost-analysis construction." Regarding the Amicon Affidavit, the court held that it too did not meet the definition of an expert report, and even if it did, it was late. The court further held that even if the initial reports were considered to be expert reports, the Amicon Affidavit was not a supplemental report under the civil rules. Because the appellants did not have any expert opinion to refute the opinions offered by the appellees, the court found that there were no genuine issues of material fact.

{¶8} On January 21, 2022, appellants filed a "motion for reconsideration and/or, in the alternative, for deferral of entry of order." In their motion, appellants argued that the Amicon Affidavit should not have been stricken because, given the delay in jury trials due to COVID-19, appellees would have time to depose Amicon before trial and would not be prejudiced. On January 31, 2022, the court denied the motion. On February 7, 2022, the court entered a written order granting the motion to strike and the motions for summary judgment "pursuant to the court's findings and reasons stated on the record."

{¶9} Appellants timely appealed. In three assignments of error, appellants contend that the trial court erred by granting the motion to strike and the motions for summary judgment, and by denying appellants' motion for reconsideration.

***Motion to Strike***

**{¶10}** Appellants argue that the trial court erred by striking the Amicon Affidavit because it complied with the civil rules and properly supplemented Amicon's initial expert reports. Appellees respond that the affidavit was properly stricken because it was untimely and did not properly supplement the initial reports.

**{¶11}** This court reviews a trial court's ruling on a motion to strike for an abuse of discretion. *Beattie v. McCoy*, 2018-Ohio-2535, 115 N.E.3d 867, ¶ 25 (1st Dist.), citing *Siegel v. LifeCenter Organ Donor Network*, 2011-Ohio-6031, 969 N.E.2d 1271, ¶ 43 (1st Dist.); *see O'Brien v. Angley*, 63 Ohio St.2d 159, 163, 407 N.E.2d 490 (1980) ("when the trial court determines that certain evidence will be admitted or excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion").

**{¶12}** The rules governing discovery are intended to, among other things, "eliminate surprise." *Jones v. Murphy*, 12 Ohio St.3d 84, 86, 465 N.E.2d 444 (1984). "This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries." *Id*. "Pursuant to Civ.R. 37(B)(1), a court may 'issue further just orders' when a party 'fails to obey an order to provide or permit discovery.' " *Crutcher v. Oncology/Hematology Care, Inc.*, 1st Dist. Hamilton Nos. C-220086 and C-220106, 2022-Ohio-4105, ¶ 52. One such sanction is the exclusion of evidence. *State ex rel. Dewine v. ARCO Recycling, Inc.*, 8th Dist. Cuyahoga No. 110703, 2022-Ohio-1758, ¶ 54.

**{¶13}** Civ.R. 26(B)(7) provides guidelines for the disclosure of expert testimony. The rule sets forth several requirements relevant to this appeal: First,

Civ.R. 26(B)(7)(b) provides that "[t]he parties shall submit expert reports and curricula vitae in accordance with the time schedule established by the court." *See* Loc.R. 15(A) of the Court of Common Pleas of Hamilton County (providing that the court's case-management order shall "include definite dates for the completion of all discovery * * * [and] the identification of any expert witness and their opinions * * *."). Those expert reports, "must disclose a complete statement of all opinions and the basis and reasons for them as to each matter on which the expert will testify." Civ.R. 26(B)(7)(c). And "[a]n expert will not be permitted to testify or provide opinions on matters not disclosed in his or her report." *Id.*

**{¶14}** Were we to consider the Amicon Affidavit as a new expert report, it failed to comply with the trial court's case-management order because it was filed over two months after the discovery cut-off date, and over five months after appellants' deadline to disclose experts and associated expert reports. On this basis alone, the court's decision to strike the affidavit was not an abuse of discretion. *See Myers v. John A. Hudec Cleveland Dental Ctr. Inc.*, 8th Dist. Cuyahoga No. 110328, 2022-Ohio-80, ¶ 33 (holding that trial court's exclusion of expert affidavit was not an abuse of discretion where it was filed late).

**{¶15}** Appellants argue that the affidavit was timely because it was simply a supplement to the initial expert reports. Civ.R. 26(E)(1) provides "A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify." A court may exclude expert testimony for violations of the rule. *See Jones,* 12 Ohio St.3d 84, 465 N.E.2d 444 (1984), at paragraph one of the syllabus.

{¶16} During the discovery process, both Geotechnology and S.P. Drilling made requests for full expert disclosure including expert opinions and analysis. Yet, appellants consistently referred to the initial expert reports, and failed to supplement their responses with the opinions later included in the Amicon Affidavit. Only after a motion for summary judgment was filed, did appellants produce the Amicon Affidavit, clearly in an attempt to avoid summary judgment. It is undisputed that the information in the affidavit was known to appellants at the time the initial reports were filed. The affidavit did nothing to clarify the original reports. Rather, the affidavit contains an entirely new opinion about a new issue—the standard of care. That is not supplementation. *See, e.g., Ullman v. Auto-Owners Mut. Ins. Co.,* S.D.Ohio No. 2:05-cv-1000, 2007 U.S. Dist. LEXIS 25590, 10 (Apr. 5, 2007) ("It is not mere 'supplementation' when a party submits a manifestly incomplete report lacking analysis or a supporting rationale, waits for the summary judgment deadline to pass, and then submits a fuller report that contains actual reasoning.").

{¶17} For all of these reasons, the court did not abuse its discretion in striking the Amicon Affidavit. The first assignment of error is overruled.

### *Motion for Summary Judgment*

{¶18} In their second assignment of error, appellants argue that the trial court erred when it granted summary judgment in favor of appellees. Appellants argue that there is sufficient expert testimony in the record to create a genuine issue of material fact.

{¶19} We review a trial court's grant of summary judgment de novo. *Helton v. Fifth Third Bank,* 1st Dist. Hamilton No. C-210451, 2022-Ohio-1023, ¶ 12, citing *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Summary

8

judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party." *Id.*

{¶20} The moving parties bear the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact as to the essential elements of the case." *Heiert v. Crossroads Community Church, Inc.*, 1st Dist. Hamilton Nos. C-200244 and C-200391, 2021-Ohio-1649, ¶ 38, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If that burden is satisfied, the burden then shifts to the nonmoving party "to 'set forth specific facts showing that there is a genuine issue for trial.' " *Dresher* at 293, quoting Civ.R. 56(E).

{¶21} Appellants' complaint alleges that appellees failed to meet the applicable standards of care related to their respective duties. Whether a contractor exercises reasonable care depends upon the standards which others in the profession must follow. *Simon v. Drake Constr. Co.*, 87 Ohio App.3d 23, 26, 621 N.E.2d 837 (8th Dist.1993) (discussing the standard of care for licensed architects); *Moore v. Covenant Care Ohio, Inc.*, 2014-Ohio-4113, 18 N.E.3d 1260, ¶ 44 (6th Dist.) ("Professionals must exercise reasonable care and skill that a reasonable professional would have done under the circumstances."). "Expert testimony is required to establish the standard of care, unless the lack of skill or care of the professional is so apparent as to be within the comprehension of a layperson and requires only common knowledge and experience to understand it." *Simon* at 26; *see Staph v. Sheldon*, 8th Dist. Cuyahoga No. 91619, 2009-Ohio-122, ¶ 18.

9

{¶22} The parties acknowledge, and we agree, that both the negligence and breach-of-contract claims require expert testimony to establish the standard of care and whether there was a breach of that standard.

{¶23} With regard to Geotechnology's and S.P. Drilling's motions for summary judgment, appellants contend that the opinions in the Amicon Affidavit create a genuine issue of material fact that precludes summary judgment in favor of appellees. However, we have already held that the trial court did not abuse its discretion in striking the Amicon Affidavit. Appellants did not put forth the required expert testimony to create a genuine issue of material fact and overcome Geotechnology's and S.P. Drilling's motions for summary judgment. Thus, summary judgment was properly granted in favor of Geotechnology and S.P. Drilling.

{¶24} While appellants admit that the stricken affidavit did not reference Evans Landscaping at all, they contend that the opinion testimony of the experts retained by Geotechnology and third-party defendant Cardinal Engineering Corporation support their claims against Evans Landscaping. However, appellants failed to disclose to Evans Landscaping their intent to use these experts against them. Pursuant to Civ.R. 26(B)(7)(a), such disclosure is required. *See* Civ.R. 26(B)(7)(a) ("A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Ohio Rule of Evidence 702, 703, or 705."). Thus, appellants are also without expert testimony on the standard of care as it relates to Evans Landscaping. Accordingly, summary judgment was properly granted in favor of Evans Landscaping.

{¶25} The second assignment of error is overruled.

*Motion for Reconsideration*

**{¶26}** In their third assignment of error, appellants argue that their "motion for reconsideration and/or, in the alternative, for deferral of entry of order" should have been granted. Appellants contend that appellees would not have been prejudiced by the Amicon Affidavit because, shortly after the court orally announced its decision, jury trials in Hamilton County were temporarily suspended due to the COVID-19 pandemic. Therefore, appellants contend that appellees would have had additional time to depose Amicon prior to trial. Appellees argue that the Ohio Rules of Civil Procedure do not allow for motions for reconsideration after a final judgment by the trial court.

**{¶27}** Appellants' motion for reconsideration was filed after the court orally announced its decision at the hearing, but before the court journalized its final judgment entry. *See* Civ.R. 54(A) (defining judgment as "a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court."). Thus, the judge's oral announcement was interlocutory and the motion for reconsideration was properly before the court. *See Nelson v. Powers*, 11th Dist. Geauga No. 2015-G-0031, 2016-Ohio-1159, ¶ 16, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1 ("Although Ohio's Civil Rules do not specifically provide for a motion for reconsideration of interlocutory orders of a trial court, the Ohio Supreme Court has stated that such a motion is a permissible procedural tool."). And we review the court's decision for an abuse of discretion. *See id.* at ¶ 16.

**{¶28}** The trial court gave several reasons for why it struck the Amicon Affidavit, none of which focused on any perceived prejudice that the defendants would

11

suffer due to the impending trial date. The trial court's decision to strike the affidavit rested on the fact that appellants did not comply with the discovery rules or the trial court's case-management order. Appellants have not demonstrated, nor do we hold, that a later trial date would have impacted the court's conclusion. It was not an abuse of discretion for the court to deny the motion for reconsideration. The third assignment of error is overruled.

### *Conclusion*

{¶29}  In light of the foregoing analysis, we overrule all three assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.