# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| RICHARD SCHEIDLER, | : | APPEAL NO. | C-250074 |
| | | TRIAL NO. | A-2303329 |
| Plaintiff/Counterclaim Defendant-Appellant, | : | | |
| | : | | |
| vs. | | *JUDGMENT ENTRY* | |
| | : | | |
| THERESA M. MACIEJEWSKI, | : | | |
| | : | | |
| Defendant/Counterclaim Plaintiff-Appellee. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50 percent to appellant and 50 percent to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 12/19/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

**[Cite as *Scheidler v. Maciejewski*, 2025-Ohio-5651.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| RICHARD SCHEIDLER, | : | APPEAL NO. | C-250074 |
| | | TRIAL NO. | A-2303329 |
| Plaintiff/Counterclaim Defendant-Appellant, | : | | |
| | : | | |
| vs. | : | *O P I N I O N* | |
| | : | | |
| THERESA M. MACIEJEWSKI, | : | | |
| Defendant/Counterclaim Plaintiff-Appellee. | : | | |
| | : | | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 19, 2025


*Christopher T. Travis*, for Plaintiff/Counterclaim Defendant-Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP, Jonathan P. Saxton, James J. Englert*, *Cors & Bassett, LLC*, and *Michael L. Gay*, for Defendant/Counterclaim Plaintiff-Appellee.

CROUSE, Presiding Judge.

{¶1}   This case involves a dispute between two neighbors over the flow of water between their properties. Plaintiff/counterclaim defendant-appellant Richard Scheidler appeals from the trial court's judgments entered in favor of defendant/counterclaim plaintiff-appellee Theresa M. Maciejewski. The trial court granted summary judgment to Maciejewski on Scheidler's claims for civil trespass and private nuisance. It also granted summary judgment to Maciejewski on her counterclaim for trespass, and it awarded her compensatory damages, punitive damages, and attorney's fees.

{¶2}   Scheidler has raised three assignments of error for our review. In the first assignment of error, he argues that the trial court erred in awarding actual damages to Maciejewski on her counterclaim for trespass. Because Maciejewski failed to establish that the trespass was the proximate cause of the loss of use of her property, we agree.

{¶3}   In the second assignment of error, Scheidler challenges the trial court's grant of summary judgment for Maciejewski on Scheidler's claims for trespass and private nuisance. He also argues that the trial court abused its discretion in striking the affidavit of his expert witness. We hold that the trial court did not abuse its discretion in striking Scheidler's expert affidavit because it was filed well after the disclosure deadline. And because Scheidler's claims required expert testimony, we hold that the trial court did not err in granting summary judgment to Maciejewski on those claims.

{¶4}   In the third assignment of error, Scheidler argues that the trial court erred in awarding punitive/exemplary damages to Maciejewski. Because punitive damages cannot be awarded in the absence of actual damages, and in light of our

3

holding that the trial court erred in awarding actual damages, we hold that the trial court erred as a matter of law in awarding punitive damages and attorney's fees to Maciejewski.

{¶5} For these reasons and those discussed below, the trial court's judgments are affirmed in part and reversed in part, and this cause is remanded.

## I. *Factual and Procedural History*

{¶6} Scheidler and Maciejewski own properties that are adjacent to each other. Scheidler's property is downgrade from Maciejewski's, resulting in the natural flow of water running from her property to his. This flow of water has caused an ongoing dispute between these two neighbors.

{¶7} The conflict between the parties regarding the flow of water began in 2020, when Maciejewski had a new patio built adjacent to the back of her home. As part of this construction, the contractor installed a French drain to redirect excess water from sitting near the newly-constructed patio. The French drain ran from the downspouts by the patio towards the back fence of the property. Maciejewski testified that the French drain was designed to direct excess water away from Scheidler's property.

{¶8} Scheidler was unhappy with the new drainage system, alleging that it resulted in a greater flow of water runoff of more concentrated power, leading to erosion of his backyard. Scheidler alleged that this erosion resulted in the deterioration of his shed, as well as general soil erosion to his property. To combat this alleged erosion, Scheidler had a wall of rocks and bricks installed at the base of the fence between the properties in 2021. Additionally, in 2023, Scheidler placed fence boards along the bottom of his fence following a dispute with Maciejewski regarding weed-whacking. In response, Maciejewski placed soil on her side of the property line

against the fence boards so that she could cut the grass near the fence line.

{¶9} On August 7, 2023, Scheidler filed a complaint against Maciejewski, alleging one count of civil trespass and two counts of private nuisance. The first two claims are related to the enhanced drainage system that Maciejewski installed, while the third claim relates to Maciejewski's placement of soil against Scheidler's fence boards. All three claims allege that Maciejewski's conduct resulted in damage to Scheidler's property based on erosion.

{¶10} Maciejewski filed an answer, denying the allegations contained in the complaint. She additionally filed a counterclaim for trespass, alleging that Scheidler's placement of the rock and brick wall, as well as fence boards, altered the flow of water and caused pooling in her yard.

{¶11} The trial court issued a case-management order setting Scheidler's expert witness disclosure deadline for March 19, 2024, and Maciejewski's expert-witness-disclosure deadline for May 20, 2024. Scheidler did not file an expert disclosure by the court's March 19 deadline. Maciejewski filed an expert disclosure on May 20, 2024, but that disclosure did not contain a written summary of the expert's opinions or a curriculum vitae for the expert.

{¶12} Shortly after deposition transcripts and affidavits were filed with the trial court, Maciejewski filed two separate motions for summary judgment. The first motion sought summary judgment on her counterclaim, and the second motion sought summary judgment on the claims asserted by Scheidler. Scheidler filed a single response, "Motion Contra Defendant's Motion for Summary Judgment," which attached an expert affidavit from John Henry, as well as his own affidavit.

{¶13} In response, Maciejewski filed a motion to strike the John Henry affidavit, arguing that Scheidler had failed to comply with the trial court's case-

management order as to expert-witness disclosures. In addition, Maciejewski filed a motion in limine to preclude Scheidler from introducing testimony regarding erosion due to his failure to properly disclose his expert. Scheidler then filed a memorandum opposing the motion to strike and a "Motion to Extend Notice and Written Summaries of Expert."

**{¶14}** In an entry dated November 6, 2024, the trial court denied Scheidler's motion to extend the expert deadline and granted Maciejewski's motion to preclude the introduction of Scheidler's expert report. It then granted Maciejewski's motion for summary judgment as to Scheidler's claims after holding that Scheidler could not prove causation without expert-witness testimony. The court also granted summary judgment to Maciejewski on her counterclaim, holding that uncontested evidence showed Scheidler had created a wall which altered the natural flow of water without a reasonable explanation, causing water to pool in Maciejewski's backyard.

**{¶15}** On November 19, 2024, the court held a damages hearing on Maciejewski's counterclaim. At the hearing, both Scheidler and Maciejewski provided testimony.

**{¶16}** Maciejewski testified that she had experienced issues with water pooling in her backyard for the past eight years. While she stated that she had observed that the pooling significantly increased in 2021 after Scheidler constructed the wall along the fence line, she twice stated that the current pooling of water in her yard was consistent with the amount of water that had been pooling on her property for the past eight years. Maciejewski also testified that she had confronted Scheidler multiple times, asking him to remove the obstructions that he had placed in the yard.

**{¶17}** Scheidler testified that he knew that water naturally flowed from Maciejewski's property to his property. He also acknowledged that he read the rules

and regulations of the Hamilton County Storm Water District and understood that Ohio law prohibits actions that alter the natural flow of water.

{¶18} Following the damages hearing, both parties filed written closing statements with the trial court. Maciejewski requested the following damages: $8,000 in compensatory damages, $10,000 in punitive damages, $6,743.30 in attorney fees, and a monthly award of $500 until Scheidler removed the rocks and fencing boards.

{¶19} On January 15, 2025, the trial court issued an entry granting judgment to Maciejewski, ordering Scheidler to pay $8,000 in compensatory damages, $500 in punitive damages, $6,743 in attorney fees, and $500 per month until Scheidler complied with the trial court's order to remove wood, rocks, bricks and other obstructions impeding the natural flow of water.

{¶20} Scheidler now appeals.

## II. Actual Damages

{¶21} In his first assignment of error, Scheidler argues that the trial court erred in awarding $8,000 in actual damages to Maciejewski. He contends that there was insufficient evidence to support both the finding of actual damages as well as the amount of damages awarded.

{¶22} In a trespass case, a plaintiff is entitled to at least nominal damages based on the showing of trespass. *Smith v. A.B. Bonded Locksmith, Inc.*, 143 Ohio App.3d 321, 326 (1st Dist. 2001). But a plaintiff can only recover actual damages by proving that "'the trespass proximately caused that for which compensation is sought and the amount of those damages.'" *Misseldine v. Corporate Investigative Servs., Inc.*, 2003-Ohio-2740, ¶ 31 (8th Dist.), quoting *Lamberjack v. Gyde*, 1993 Ohio App. LEXIS 5528, *20 (6th Dist. Nov. 13, 1993).

{¶23} Maciejewski failed to establish that Scheidler's trespassory conduct

proximately caused any damage to Maciejewski's property that required repair or deprived her of its use. At the damages hearing, Maciejewski testified that the pooling in her backyard made it difficult for her to mow. But this testimony failed to establish a causal nexus between the pooling and the trespass. Maciejewski testified on direct examination that her backyard had experienced flooding "[a]bout the whole eight years. The whole time I've lived there." On cross-examination, Maciejewski further testified,

> Q. Okay. And so this is the kind of standing water that you have been dealing with for that whole time then?
>
> A. Yes.
>
> Q. Okay.
>
> A. During rainy periods, yes.
>
> Q. I'm sorry?
>
> A. During rainy periods, yes.
>
> Q. Okay. So when you moved in—it's been quite a while—are you sure it was actually doing this back then? This picture is recent, within the last two years, right?
>
> A. Correct.
>
> Q. But are you sure that this is consistent with the kind of water sitting on the property eight years ago?
>
> A. Oh, absolutely. I had to be pushed—the mower had to be pushed out of the water and the mud because I couldn't get it to move.

She affirmed this statement again later in her testimony. When asked if the flooding in her backyard was "anywhere near this bad eight years ago," she responded, "Oh, yeah."

**{¶24}** Maciejewski's testimony fails to support, and in fact contradicts, her assertion that the wall built by Scheidler was the proximate cause of the pooling of water in her backyard. By her own admission, the pooling of water existed when she took ownership of the property, four years before Scheidler had the wall erected. We accordingly hold that Maciejewski failed to introduce sufficient evidence to establish that Scheidler's trespass was the proximate cause of any actual damages.[1] The trial court therefore erred as a matter of law in awarding Maciejewski actual damages.

**{¶25}** The first assignment of error is sustained.

### III. *Motion for Summary Judgment*

**{¶26}** In his second assignment of error, Scheidler argues that the trial court erred in granting Maciejewski's motion for summary judgment as to Scheidler's claims.

### A. *Granting of Motion to Strike*

**{¶27}** Despite the fact that the assignment of error is phrased as a challenge to the trial court's grant of summary judgment, Scheidler argued in both his brief and at oral argument that the trial court erred in striking the affidavit of his expert. "[T]his court is limited to determining the merits of any appeal 'on the assignments of error set forth in the briefs.'" *Saylor v. Lewis*, 2020-Ohio-3647, ¶ 29 (1st Dist.), quoting

---

[1] While issues of proximate causation serve as a bar to Maciejewski's recovery of actual damages, we further note that she failed to present any evidence regarding the amount of damages requested. She did not provide any evidence or testimony addressing the estimated cost of restoration of her property or the value of the loss of use of the property. *See Martin v. Design Constr. Servs., Inc.*, 2009-Ohio-1, ¶ 19-25; *Colegrove v. Fred A. Neumann Co.*, 2015-Ohio-533, ¶ 35 (1st Dist.). Maciejewski, despite acknowledging in her deposition that she received estimates for work to restore her property, did not rely on these estimates when calculating damages. Nor was there any mention of the $8,000 figure at the damages hearing by either Maciejewski or her counsel. Rather, this damages amount was first raised in Maciejewski's post-trial brief, where her counsel stated that she "is entitled to an amount of damages to compensate her for the loss of the use of her backyard, and counsel suggests the amount of $500.00 per month from the date of this action to the date of trial which totals $8,000.00." This amount seemingly was based on mere speculation and lacked any factual basis.

*State v. Harris*, 2017-Ohio-5594, ¶ 43 (1st Dist.). "'This court rules on assignments of error, not mere arguments.'" *Hamid v. Univ. Manors, Ltd.*, 2021-Ohio-2115, ¶ 16 (10th Dist.), quoting *Huntington Natl. Bank v. Burda*, 2009-Ohio-1752, ¶ 21 (10th Dist.); *see* App.R. 12(A)(1)(b). As such, we are not required to address Scheidler's argument that it was error to strike his expert's affidavit.

**{¶28}** Nevertheless, even if Scheidler had raised this issue as an assignment of error, we hold that the trial court did not abuse its discretion in granting Maciejewski's motion to strike. As this court has previously recognized, a party cannot use an expert's affidavit to oppose another party's motion for summary judgment if the expert was not properly disclosed in compliance with Civ.R. 26(B)(7). *See Riverside Drive Ents., LLC v. Geotechnology, Inc.*, 2023-Ohio-583, ¶ 13, 23 (1st Dist.). Civ.R. 26(B)(7)(b) provides that "[t]he parties shall submit expert reports and curricula vitae in accordance with the time schedule established by the Court." Those expert reports "must disclose a complete statement of all opinions and the basis and reasons for them as to each matter on which the expert will testify." Civ.R. 26(B)(7)(c). And "[a]n expert will not be permitted to testify or provide opinions on matters not disclosed in his or her report." *Id.*

**{¶29}** Here, Scheidler filed the expert affidavit 199 days after the expert-disclosure deadline, and the trial court was well within the bounds of its discretion to strike it.

### B. Summary Judgment

**{¶30}** We now turn to the trial court's grant of summary judgment to Maciejewski on Scheidler's claims. This court reviews a trial court's grant of summary judgment de novo. *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30. Summary judgment is appropriately granted where the movant establishes "that (1) there is no genuine issue

of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 1994-Ohio-92, ¶ 8.

**{¶31}** When a party moves for summary judgment on the ground that the nonmoving party cannot prove its case, the moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 1996-Ohio-107, ¶ 18; *see Ditech Fin., L.L.C. v. Balimunkwe*, 2019-Ohio-3806, ¶ 6 (1st Dist.). The moving party "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Dresher* at ¶ 17. Such materials include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

**{¶32}** If the moving party satisfies this initial burden, "the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, including verified pleadings, but must 'set forth specific facts' by the means listed in the rule, showing that a triable issue of fact exists." *Ditech Fin.* at ¶ 6, citing *Dresher* at ¶ 18.

**{¶33}** Maciejewski argued that she was entitled to summary judgment on Scheidler's claims because he failed to provide expert testimony to support his claim that Maciejewski's actions caused the erosion to his property. She satisfied her burden under Civ.R. 56(C) by pointing to the absence in the record of any expert-witness

testimony addressing causation.

**{¶34}** Scheidler responded by providing an affidavit of John Henry, a purported expert witness, addressing the causation issue. As discussed above, the trial court struck the affidavit because this witness was identified well past the deadline set in the court's case-management order. The trial court then granted summary judgment to Maciejewski on Scheidler's claims because he failed to provide expert testimony to support his claim that Maciejewski's actions caused the erosion to his property.

**{¶35}** We find no error in the trial court's grant of summary judgment. "Expert testimony is required to establish general causation and specific causation in cases involving flooding and soil erosion because the determination involves a scientific inquiry into matters beyond the knowledge or experience possessed by lay persons." *Viars v. Ironton*, 2016-Ohio-4912, ¶ 43 (4th Dist.). "'Flooding issues are very complex matters and therefore, generally, require the use of expert testimony to prove the cause and frequency of flooding.'" *Id.*, quoting *State ex rel. Post v. Speck*, 2006-Ohio-6339, ¶ 61 (3d Dist.). While a lay witness may establish the existence of erosion, expert testimony is necessary to opine on the cause of said erosion. *See id.* at ¶ 43.

**{¶36}** As the affidavit of Scheidler's expert was duly stricken from the record, he was left without any expert testimony establishing the cause of the erosion of his property. Maciejewski was thus entitled to summary judgment on his claims.

**{¶37}** Accordingly, we overrule the second assignment of error.

### IV. Punitive Damages and Attorney's Fees

**{¶38}** In his third assignment of error, Scheidler argues that the trial court erred in awarding punitive damages and attorney's fees to Maciejewski. Scheidler contends that because the trial court improperly awarded actual damages, it could not

award punitive damages or attorney's fees. We agree.

**{¶39}** In *Ali v. Jefferson Ins. Co.*, 5 Ohio App.3d 105, 108 (6th Dist. 1982), the court struck down a punitive-damages award and in so doing noted,

> It is well-established that punitive damages may not be recovered in the absence of proof of actual injury or damage. In order to recover punitive damages in a case such as this, where the action arises out of contract, but is also based upon tortious conduct, actual damages attributable to the wrongful acts of the alleged tortfeasor must be shown in addition to those damages attributable solely to the breach of the contract.

**{¶40}** This aligns with R.C. 2315.21(C)(2), which states that punitive damages are not recoverable from a defendant without a determination by the trier of fact that the plaintiff can recover compensatory damages.

**{¶41}** Because Maciejewski failed to establish actual damages, and because we have already determined that the trial court erred in awarding those damages, she could not be awarded punitive damages. We accordingly hold that the trial court erred as a matter of law in awarding punitive damages.

**{¶42}** The award of attorney's fees flows directly from the award of punitive and exemplary damages. *See Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558 (1994), citing *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 183 (1975). As the trial court erred in awarding punitive damages, the award of attorney's fees was also in error.

**{¶43}** Accordingly, we sustain the third assignment of error.

### *V. Conclusion*

**{¶44}** The trial court's judgments are affirmed in part and reversed in part. We

find no error in the trial court's grant of Maciejewski's motion for summary judgment. But we hold that the trial court erred in awarding actual damages to Maciejewski on her counterclaim and therefore, as a matter of law, erred in awarding punitive damages and attorney's fees. We accordingly reverse the trial court's award of damages and attorney's fees to Maciejewski, affirm the judgments in all other respects, and remand this cause for the trial court to determine the amount of nominal damages to which Maciejewski is entitled and to issue judgment accordingly.

Judgments affirmed in part, reversed in part, and cause remanded.

**BOCK** and **NESTOR, JJ.,** concur.